```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**MICHAEL G. BISHOP**                              **CIVIL ACTION**

**VERSUS**                                         **NUMBER: 12-2475**

**STEVE RADER, WARDEN**                            **SECTION "B"(1)**

                        ORDER AND REASONS

   Before the Court are Petitioner Michael G. Bishop's ("Petitioner") Objections (Rec. Doc. No. 13) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 12), recommending dismissal with prejudice of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

   **IT IS ORDERED** that the Report and Recommendations of the Magistrate Judge are **ADOPTED** as the opinion of the court, **OVERRULING** Petitioner's objections to same. The instant habeas petition is therefore **DISMISSED**.

   Petitioner is a convicted inmate incarcerated in the Dixon Correctional Center in Jackson, Louisiana. (Rec. Doc. No. 12 at 1). He was convicted in state court of oral sexual battery, aggravated incest, molestation of a juvenile, and sexual battery. *Id.* Petitioner was sentenced to twenty-seven years in prison without benefit of probation, parole, or suspension of sentences. *Id.* On September 14, 2007, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentences. (Rec. Doc. No. 3 at

73-78). The Louisiana Supreme Court denied petitioner's writ application on August 22, 2008. *Id*. at 79.

Thereafter, Petitioner filed an application for post-conviction relief. *Id.* at 123-45. An evidentiary hearing was held on July 13, 2011, which lead to a denial of Petitioner's application on August 1, 2011. *Id*. at 152-62. Petitioner then filed a notice of intent to seek supervisory writs of review. *Id.* at 163-64. Petitioner filed a "Writ of Mandamus" requesting that the district court be directed to provide both a copy of a transcript of the evidentiary hearing and set a date for supervisory writs. *Id*. at 168-71. The State Court of Appeals denied the writ, noting that a motion for the production of documents filed after August 1, 2011 was not on record with the Clerk of Court of Terrebonne Parish. *Id*. at 172. The Louisiana Supreme Court affirmed this denial on August 22, 2012. *Id.* at 234.

Petitioner filed a motion to re-open his post-conviction proceedings after discovering his prior counsel was subsequently disbarred. *Id*. at 197-205. Also in the motion, Petitioner moved to recuse the presiding state court judge and appointment of

2

counsel. *Id*. at 222-23. The motion was set for hearing before another state court judge on December 10, 2012. (Rec. Doc. No. 9-2). Petitioner alleges that he then moved to recuse that judge for this hearing as well. (Rec. Doc. No. 11 at 27). Both the motion to recuse and motion to reopen appear to be pending in state court on the post-conviction proceedings.

On or about October 4, 2012, petitioner filed an application with this court for federal *habeas corpus* relief. (Rec. Doc. No. 1). The Magistrate Judge recommended that the petition be dismissed with prejudice. (Rec. Doc. No. 12 at 1). Petitioner filed an objection to the Magistrate Judge's Report and Recommendations on February 25, 2013. (Rec. Doc. No. 13).

Petitioner alleges that his counsel was disbarred shortly after his criminal proceeding and the Magistrate Judge failed to consider the effect of improper counsel during his proceeding.[1] The United States Supreme Court has established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that: (1) counsel's performance was deficient and that; (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668,

---

[1] Second counsel, Keith J. Labat, was permanently disbarred effective November 28, 2012 for being convicted of felony theft. (Rec. Doc. No. 3 at 183). Absent is any showing of relationship, deficiency, or prejudice relevant to a consideration of the instant habeas corpus claims.

697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by preponderance of the evidence, that his counsel was ineffective." *Clark v. Johnson,* 227 F.3d 273, 284 (5th Cir. 2000). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689.

Further, even if assuming counsel's performance was deficient and objectively unreasonable, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, petitioner asserts that his counsel made numerous motions for continuances before he was brought to trial.(Rec. Doc. No. 13 at 8). In total, his counsel made eighteen motions before and during trial. *Id*. A decision on whether or not to seek a continuance normally is considered to be one of trial strategy and, as such, is accorded great deference. *See, e.g., McVean v. United States*, 88 Fed. App'x 847, 849 (6th Cir. 2004). Also, unsupported conclusory claims of deficiency based on unrelated disciplinary action against counsel also fail to show deficient performance or prejudice in petitioner's case. Absent evidence of delinquent performance or prejudice this claim fails in all aspects.

4

Lastly, petitioner asserts that the state court refused to provide him a return date for the lodging of his writ or a copy of the evidentiary hearing transcript for his subsequent use in the state post-conviction proceedings. (Rec. Doc. No. 13 at 2). Such a refusal does not warrant federal *habeas corpus* relief. *See McGee v. Cain,* Civ. Action No. 11-2768, 2012 WL 1135853, at *9-10 (E.D. La. Mar.13, 2012) (rejecting petitioner's claim that he was denied "meaningful judicial review" by the state court's refusal to provide transcripts for his use in post-conviction proceedings), adopted, 2012 WL 1135848 (E.D. La. Apr. 4, 2012). Therefore, even if petitioner's assertions are true, this claim is generally not reviewable under federal *habeas corpus* relief. *See Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999). Absent showing of manifest injustice or substantive due process, petitioner's claim is without remedy. Accordingly,

The findings of the Magistrate Judge (Rec. Doc. No. 12) are **ADOPTED** and the instant habeas corpus petition is **DISMISSED**.

New Orleans, Louisiana, this 26th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE

5